FILED
CLERK
2/29/2016 2:58 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ARGONAUT INSURANCE COMPANY,

               Plaintiff,

   -against-

MON CHONG LOONG TRADING
CORPORATION, WU TOWERS, II, and
133 PLUS 24 SANFORD REALTY
CORPORATION,

               Defendants.
----------------------------------------------------------X

**ORDER**
14-CV-5400 (SJF) (AKT)

FEUERSTEIN, J.

      On September 15, 2014, plaintiff, Argonaut Insurance Company ("Argo" or "Plaintiff"), commenced this action seeking a declaratory judgment that it is not obligated to defend or indemnify its insureds, Mon Chong Loong Trading Corporation and Wu Towers, II, LLC (collectively, "Insureds"), in a state court action brought by 133 Plus 24 Sanford Realty Corporation ("Sanford") against Insureds for property damage (the "Second Sanford Action"). Docket Entry No. ("DE") 1, Compl. Insureds failed to appear in this action, and on July 7, 2015 a default judgment was entered against them, declaring that Argo "has no obligation to defend and/or indemnify [Insureds]" in the Second Sanford Action. DE 33, Default J.

      Argo has moved for summary judgment against Sanford, arguing that Argo is not liable to Sanford for Insureds' alleged damage to Sanford's property (the "Motion for Summary Judgment"). DE 31, Mot. Summary J. On July 7, 2015, the Motion for Summary Judgment was referred to Magistrate Judge A. Kathleen Tomlinson for a report and recommendation

("Report").[1]  DE 34, Minute Entry.  On February 2, 2016, Magistrate Judge Tomlinson issued a Report recommending that the Motion for Summary Judgment be granted in part and denied in part as moot.  DE 37, Report.  On February 16, 2016, Sanford objected to the Report (the "Objections"), DE 39, Objection; on February 24, 2016, Argo responded to the Objections (the "Response"), DE 42, Objection ("Response").  For the reasons stated below, the Court adopts the Report's factual findings, legal conclusions, and recommendation that Argo's Motion for Summary Judgment be granted in part and denied in part as moot.

I. STANDARD OF REVIEW

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties.  Fed. R. Civ. P. 72(b).  Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error."  *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009).  The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).  To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F.

---

[1] The facts and procedural history underlying this action are set forth in the Report and are hereby incorporated by reference.  *See* DE 37, Report and Recommendation ("Report"), at 2-13.

App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## II. DISCUSSION

The Report recommends that Argo's Motion for Summary Judgment be: 1) granted to the extent that Argo seeks to disclaim liability to Sanford; and 2) denied as moot to the extent that Argo seeks to disclaim its liability to Insureds, in light of the default judgment order previously entered against Insureds. DE 37, Report, at 2, 35. In its Objections, Sanford contends, for the first time, that Argo cannot disclaim insurance coverage to Insureds, because Argo has not established that it was prejudiced by Insureds' tardy notification of its claim to Argo. DE 39, Objection, at 2; *see generally* DE 31-21, Mem. in Opp'n (not raising any argument regarding prejudice). Sanford further alleges that:

> Argo never divulged to this Court whether it was the carrier under any policy of insurance covering any period commencing prior to the date of the 2012-2013 Policy at issue herein, and since counsel appointed by Wu Towers II LLC's insurance carrier was defending Wu Towers II LLC in the 2012 [New York] Supreme Court action, [Sanford] had no reason to file another notice of claim against any carrier under a later insurance policy and had no reason to suspect that there was a later policy under which another notice of claim had to be given. [Sanford] respectfully submits that this issue of fact is sufficient to preclude summary judgment.

DE 39, Objection, at 3-4.[2]

Argo is correct that the Court should not consider new arguments that were not raised before Magistrate Judge Tomlinson and that are presented to the Court in the first instance. DE 42, Response, at 2; *see Markey v. Lapolla Indus., Inc.*, No. 12-cv-4622, 2016 WL 324968, at *3 (E.D.N.Y. Jan. 26, 2016) (quoting *Kennedy v. Adamo*, No. 02-cv-1776, 2006 WL 3704784, at *1

---
[2] Sanford's Objections attempt to raise several other objections to the Report, which are without merit. *See* DE 39, Objection, at ¶¶ 1, 3, 4, 5.

3

(E.D.N.Y. Sept. 1, 2006)). Sanford has not provided any reason for its failure to argue that Argo was not prejudiced in Sanford's opposition to the Motion for Summary Judgment. As it failed to raise the issue before the magistrate judge, the Court does not address Sanford's newly raised argument.

Contrary to Sanford's objection, Argo correctly asserts that the only insurance policy relevant in this action is the 2012-2013 Policy that it issued to Insureds. DE 42, Response, at 5. As Sanford has failed to raise any properly articulated objection to the Report, the Report is adopted in its entirety.

## III. CONCLUSION

For the reasons stated above, the Court adopts the Report's recommendation in its entirety. Plaintiff's Motion for Summary Judgment is granted in part and denied in part as moot. The Clerk of the Court is directed to issue judgment in favor of Plaintiff and to close the case.

**SO ORDERED.**

                                                                                                                               s/ Sandra J. Feuerstein
                                                                                                                              Sandra J. Feuerstein
                                                                                                                              United States District Judge

Dated: February 29, 2016
      Central Islip, New York